IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| ROMAINE ANTHONY DIXON, A/K/A "RO" | Case No. 1:20-CR-156 (TSE) |
| *Defendant*. | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, Michael P. Ben'Ary, and Bibeane Metsch, Assistant United States Attorneys, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this position of the United States with respect to sentencing of the defendant, Romaine Anthony Dixon. The defendant comes before the Court for sentencing after pleading guilty to a one-count Criminal Information in the above-captioned case charging him with conspiracy to distribute 5 kilograms or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Sections 841(a) and 846.

The United States has no objection to the Presentence Investigation Report ("PSR"), Dkt. No. 42, which correctly calculates the Guidelines range to be 168 to 210 months of incarceration (Total Offense Level 33, Criminal History Category III). The United States moves for a one-level reduction of the defendant's Guidelines level pursuant to U.S.S.G. § 3E1.1(b), in recognition of the defendant's timely guilty plea and his acceptance of responsibility. The Probation Office

1

has already applied that reduction in paragraph 49 of the PSR.   The United States further agrees that the defendant has demonstrated acceptance of responsibility for the offense.   The Probation Office has already accounted for this two-level decrease in the Guidelines calculation in paragraph 48 of the PSR.   The United States respectfully submits that a sentence of 168 months of imprisonment is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Drug Enforcement Administration ran a long-term investigation into a drug-trafficking organization whose members transported illegal narcotics from California to the greater Washington, D.C. area.   This investigation led to the arrests and prosecutions of numerous local drug traffickers whose electronic communications were reviewed.   As relevant here, in August 2019, law enforcement arrested Dahl Harper, and a review of his electronic devices led to the identification of the defendant as a source of supply for multi-kilogram quantities of cocaine. PSR ¶ 16.

Further investigation revealed that the defendant was traveling to California from the greater Washington, D.C. area to purchase cocaine approximately every three to four weeks from individuals linked to Mexican drug cartels.   PSR ¶ 25.   Beginning around July 2019, the defendant would purchase ten kilograms of cocaine, and his source would "front" him approximately five additional kilograms of cocaine.   *Id.*   The defendant then began purchasing twenty kilograms around December 2019, with the source "fronting" the defendant an additional two to ten kilograms of cocaine.   *Id.*   The defendant would subsequently arrange for the cocaine

to be transported to the Washington, D.C. area, where he and others would resell the cocaine for a profit.

As agents investigated the defendant and his activities, they identified his co-conspirator Isaac Seth Anane, whom the defendant had hired to pack and ship the crates of narcotics, as well as narcotics proceeds, to and from the Washington, D.C. area.   Anane was the owner of a transportation company called Guardian Enterprises or GE Local Distribution.   PSR ¶ 18. Agents learned that this company had received shipping crates containing proceeds and controlled substances from the Los Angeles, California area through a company called Forward Air located at Washington Dulles International Airport.   PSR ¶ 17.   In addition to using Anane's company to transport narcotics proceeds, the defendant would often transport proceeds in his luggage when he made trips to California, or have other conspirators transport proceeds in their luggage.   PSR ¶ 19.   On average, the defendant would transport $500,000 to California to pay his source of supply.   PSR ¶ 26.

On February 25, 2020, one of the shipping crates arrived at Forward Air at Dulles Airport. PSR ¶ 28.   A co-conspirator retrieved the crate from Forward Air and then met with Anane, who unloaded the contents of the crate into his vehicle.   *Id.*   Anane distributed approximately 20 kilograms of cocaine and one and half kilograms of heroin to Lamonte Montae Young, Sr., who was later arrested in Maryland.   *Id.*   Thereafter, Anane met the defendant to distribute the remainder of the contents of the crate, at which point both individuals were arrested.   PSR ¶ 29. At the time of his arrest, the defendant was in possession of greater than $11,000 in cash, and agents located 25 kilograms of cocaine in the defendant's vehicle.   *Id.*   Agents seized an additional $1,044,451 in cash from the defendant's residence, $244,125 worth of jewelry, one

kilogram of cocaine, one kilogram of fentanyl, 140 grams of crack cocaine, a pill press, a digital scale, a money counter, and three firearms.   PSR ¶ 30.

On June 11, 2020, Anane pleaded guilty to a one-count Criminal Information charging him with conspiracy to distribute 5 kilograms or more of cocaine.   PSR ¶ 12.   Anane was assessed as a Criminal History Category I and his Total Offense Level was 29.   On October 16, 2020, this Court sentenced Anane to 70 months' imprisonment to be followed by a five-year term of supervised release.   *Id.*

On July 16, 2020, the defendant pleaded guilty to a one-count Criminal Information, charging him with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.   Dkt. No. 35.   The defendant admitted in the Statement of Facts that he was "personally involved in the distribution of, or it was reasonably foreseeable to the defendant that his co-conspirators would distribute in furtherance of the conspiracy, at least 50 kilograms but not more than 150 kilograms of a mixture and substance containing a detectable amount of cocaine." Dkt. No. 37.   The defendant is not eligible for the Safety Valve provision of the Sentencing Guidelines, so the mandatory minimum sentence under the statute for the defendant is 120 months.   His sentencing is scheduled for January 15, 2021.

## II.   ARGUMENT

### A.   Overview of Applicable Law

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing."   *Ibid.* at 264.   "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.   Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in

4

[18 U.S.C.] § 3553(a) before imposing the sentence."   *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," § 3553 states that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.   The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).   In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment.   18 U.S.C. § 3553(a)(2)(C) & (D).   Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."   18 U.S.C. § 3553(a)(6).

B.     Guidelines Calculation

In accordance with § 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guidelines sentencing, the United States has reviewed the Probation Office's PSR prepared in this matter.   The Probation Office calculated the defendant's Guidelines range to be 168 to 210 months, based on a Total Offense Level of 33 and a Criminal History Category of III. PSR ¶¶ 92-93.

i.     Application of 18 U.S.C. § 3553 Factors to the Defendant's Case

The factors set forth in 18 U.S.C. § 3553(a) warrant the imposition of a sentence of 168 months of incarceration.   This sentence is necessary to promote respect for the law and to deter future criminal conduct by the defendant and others.   The defendant was integrally involved in a

significant, transnational, drug distribution operation.   He hired his co-conspirator Anane—who was sentenced to 70 months' imprisonment by this Court—to provide cover for his drug shipments. The defendant also used at least one other co-conspirator to transport currency to California hidden in a suitcase.   The defendant also took several trips to California himself to purchase significant quantities of narcotics and oversaw their return to Virginia.   In addition to hiring Anane, the defendant also served as a supplier of drugs to Harper and others in the local community. Indeed, the evidence indicated that both the defendant and Young were the source of money and narcotics and were at the top of the organization locally.   PSR ¶ 36.   The large sum of cash found in the defendant's residence that exceeded one million U.S. dollars as well as the high-end jewelry found in his home worth close to a quarter of a million dollars indicates that the defendant's unlawful activity was very lucrative and that he was enjoying success selling narcotics.   The defendant's active role in the conspiracy to bring large quantities of controlled substances to this district warrants a sentence of 168 months imprisonment.

A sentence of 168 months is warranted to promote respect for the law.   As set forth in the PSR, the defendant committed the instant offense while on supervised release for a 2016 conviction in the U.S. District Court for the District of Columbia.   In that case, the defendant was charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and for using, possessing, and carrying a firearm during a drug trafficking offense.   PSR ¶ 56.   The defendant's commission of the instant offense while under supervised release for a separate federal offense shows a pattern of disregard for the law and indicates that a Guidelines sentence is justified.   Without sufficient punishment, there is a significant risk that the defendant will continue his criminal activity as soon as he able.

It is difficult to quantify the impact that the amount of cocaine and heroin involved in this offense had on the citizens of this district.   By purchasing large quantities of drugs in California and coordinating their shipment into the Washington, D.C. area, the defendant was responsible for multiple successful shipments of drugs.   Many of those drugs were not seized by law enforcement but rather were distributed into the community.   The defendant's role in distributing these narcotics undoubtedly had a devastating impact on countless members of this community.   A sentence of 168 months of imprisonment will specifically deter this defendant, but it will also serve as a warning sign to others who might seek to profit from the distribution of dangerous controlled substances like cocaine and heroin.

Finally, a sentence of 168 months of imprisonment reflects the need to avoid unwarranted sentence disparities.   The defendant's role in the conspiracy was much more extensive than that of Anane or an individual providing cover for the drug shipments and the defendant's sentence should reflect this reality.

## III.    CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court impose a sentence including a prison term of 168 months.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney


By:    _____/s/_____
Bibeane Metsch
Michael P. Ben'Ary
Assistant United States Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing

to the all counsel of record.


_____/s/_____
Bibeane Metsch
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
bibeane.metsch@usdoj.gov

8